JUDGE SULLIVAN

UNITED STATES DISTRICT COURT NEW YORK
SOUTHERN DISTRICT OF NEW YORK

13 CIV 7965

------------------------------------------------------------x
ARNOLD MILLIKEN,

                                             Plaintiff,:    **COMPLAINT**
         -against-                              **AND JURY DEMAND**

                                                         _____ CV _____

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, P.O. ROBERT
ZEVON, and OTHER PRESENTLY UNKNOWN
POLICE OFFICERS OF THE NEW YORK CITY
POLICE DEPARTMENT,
                                  Defendants.:
------------------------------------------------------------x

## JURISDICTION

1.     This action is brought pursuant to 42 U.S.C. §1983 for violations of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and pursuant to the laws of the State of New York for violation of the tort laws of the State of New York.

2.     This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§1331 and 1343(a).

3.     This Court has supplemental jurisdiction over the state court claims pursuant to 28 U.S.C §1367.

4.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## CONDITIONS PRECEDENT TO STATE CLAIMS

5.     Plaintiff MILLIKEN has complied with all conditions precedent to commencement of the State Law claim having timely served a written notice of claim upon the Comptroller's Office of the defendant CITY OF NEW YORK (hereinafter

1

"defendant CITY"); more than thirty days having elapsed since service of the said notice of claim, and this action having been brought within one year and ninety days of the occurrence.

## PARTIES

6. Plaintiff ARNOLD MILLIKEN, is a resident of North Bergen, New Jersey.

7. Defendant CITY was and is a domestic municipal corporation duly organized and existing pursuant to the laws of the State of New York.

8. Defendant NEW YORK CITY POLICE DEPARTMENT (hereinafter "defendant Police Department") is a department of the defendant CITY OF NEW YORK.

9. Defendants P.O. ROBERT ZEVON ("P.O. Zevon"), and Other Presently Unknown Police Officers of the New York City Police Department, (cumulatively, the "defendant Police Officers") at all times relevant were employed by the defendant CITY as police officers in the defendant Police Department.

## FACTUAL BACKGROUND

10. On November 24, 2012 at about 9:30 A.M., plaintiff ARNOLD MILLIKEN was working his job as head of security for a Lord & Taylor department store located at 424 5th Avenue, New York, New York.

11. That day was Thanksgiving Day, and there was a police presence by the store.

12. At about 9:30 A.M., Mr. Milliken advised one of the defendant Police Officers, that it would be necessary to unlock the side doors of the store at 10:00 A.M. as a fire safety measure.

13. The defendant Police Officers told Mr. Milliken that he would not be allowed to do so.

14. Mr. Milliken then told defendant Police Officers that he would be calling the Fire Department regarding this.

15. A few minutes later, P.O. Zevon appeared at the scene and had a conversation with the defendant Police Officer who had been speaking with Mr. Milliken.

16. P.O. Zevon then approached Mr. Milliken and told him to "back the fuck up."

17. Mr. Milliken backed up and asked what was going on.

18. P.O. Zevon gave no explanation and twice more demanded that Mr. Milliken back up.

19. Each time, Mr. Milliken complied.

20. P.O. Zevon for no just or lawful reason then directed defendant Police Officers to arrest Mr. Milliken.

21. As the defendant Police Officers were holding Mr. Milliken, P.O. Zevon, without any justification, sprayed mace directly into Mr. Milliken's face and eyes.

22. As a result of the defendant Police Officers' actions, Mr. Milliken sustained physical injuries.

23. At all times relevant, the defendant Officers were acting within the scope of their employment as police officers in the defendant Police Department of the defendant City.

24. At all times relevant, the defendant Officers were acting under color of State law.

25. The defendant City and the defendant Police Department were deliberately indifferent with respect to the training, supervising and disciplining of the defendant Officers which led to the wrongful acts herein.

26. The defendant City and the defendant Police Department encouraged and condoned the various wrongful acts by the defendant Officers.

### FIRST CLAIM

27. Plaintiff repeats and realleges allegations of the prior paragraphs.

28. The defendants' acts and conduct violated plaintiff's rights under the 42 U.S.C. §1983.

### SECOND CLAIM

29. Plaintiff repeats and realleges allegations of the prior paragraphs.

30. The defendants' acts and conduct constituted an unlawful arrest and false imprisonment of plaintiff.

### THIRD CLAIM

31. Plaintiff repeats and realleges allegations of the prior paragraphs.

32. The defendants' acts and conduct constituted an unlawful assault and battery upon the plaintiff.

**WHEREFORE,** the plaintiff ARNOLD MILLIKEN, demands the following relief:

(1)  Compensatory damages;

(2)  Punitive damages;

(3)  Attorneys' fees, costs and disbursements;

(4)  Such other and further relief as this court finds just and proper; and

(5)  Plaintiff demands a trial by jury.

Dated: New York, New York
       November 1, 2013

> Yours, etc.,
>
> DILLON HOROWITZ & GOLDSTEIN LLP
> Attorneys for Plaintiff
> ARNOLD MILLIKEN
>
> By _____
>     MICHAEL GOLDSTEIN (4884)
> 11 Hanover Square - 20th Floor
> New York, New York 10005
> (212) 248-4900
> mgoldstein@dhgattorneys.com